IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MELISENDRO E. GONZALES,**

        **Plaintiff,**

v.                                                                                          Case No. CIV-05-0081 MV/LAM

**OFFICER WAYNE CLARK, et al.**

        **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on ***Defendants' Motion to Dismiss Plaintiff's Civil Rights Complaint as Time-Barred*** (*Doc. 28*) filed by Defendants Wayne Clark and Jason Anderson. Also before the Court are Plaintiff's motion to reinstate the Town of Bernalillo as a defendant in this case,[2] Plaintiff's ***Motion to Commence [a Hearing]*** (*Doc. 34*) and Plaintiff's ***Motion for Personal and/or Telephone Conference*** (*Doc. 35*). For the reasons set forth below, the Court recommends that ***Defendants' Motion to Dismiss Plaintiff's Civil Rights Complaint as Time-Barred*** (*Doc. 28*) be **GRANTED**, all of Plaintiff's motions be **DENIED**, and all of Plaintiff's claims and this case be **DISMISSED with prejudice**. In deciding this matter, the Court has considered the foregoing motions, the parties' submissions related to the motions, the record of this case and relevant law.

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] This motion is contained in Plaintiff's ***Motion to Reinstate/Readmit Town of Bernalillo and Statement/Response Showing Cause as to Why Case Should Not be Dismissed [and] Notification of Change of Address*** (*Doc. 32*).

*Background*

Plaintiff is a prisoner who is incarcerated at the Sandoval County Detention Center in Bernalillo, New Mexico. Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[3]

Plaintiff's claims arise out of his arrest on July 23, 2001, by Defendants Wayne Clark and Jason Anderson who were at that time police officers for the Town of Bernalillo.[4] Plaintiff alleges, *inter alia*, that Defendants Clark and/or Anderson beat him severely, verbally assaulted him, and threatened his life in connection with his arrest.[5] All of Plaintiff's claims are based on events that allegedly took place on July 23 and 24, 2001.[6]

On January 24, 2005, Plaintiff filed this action seeking compensatory and punitive damages pursuant to 42 U.S.C. § 1983 based on allegations that Defendants Clark and Anderson used excessive force in connection with Plaintiff's arrest.[7] Plaintiff's complaint also named the Town of Bernalillo, the employer of Defendants Clark and Anderson, as a defendant.[8] On August 26, 2005,

---

[3] Plaintiff's claims in this case under 42 U.S.C. § 1983 arise out of his arrest prior to incarceration and are unrelated to prison conditions. Therefore, they are not subject to the provisions of 42 U.S.C. § 1997e(a) requiring exhaustion of prison administrative remedies.

[4] *See* **Prisoner's Civil Rights Complaint** (*Doc. 26*), at 2-4; **Defendants' Motion to Dismiss Plaintiff's Civil Rights Complaint as Time-Barred** (*Doc. 28*), at 1.

[5] *See* **Prisoner's Civil Rights Complaint** (*Doc. 26*), at 4.

[6] *See* **Prisoner's Civil Rights Complaint** (*Doc. 26*), at 4-11.

[7] *See* **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983** (*Doc. 1*).

[8] *Id.*

Plaintiff filed an amended complaint renewing his Section 1983 excessive force claim against the same defendants.[9] On March 1, 2006, Plaintiff's claims against the Town of Bernalillo were dismissed without prejudice and the Town was dismissed as a party to this case.[10]

### *Defendants' Motion to Dismiss*

In their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Clark and Anderson ask the Court to dismiss Plaintiff's claims as time-barred by the applicable three-year statute of limitations. They contend that Plaintiff's claims were filed approximately six months after the statute of limitations expired in July of 2004. Plaintiff did not file and serve a timely response in opposition to the motion to dismiss, as required by D.N.M.LR-Civ. 7.4(c) and 7.6(a), and the Court issued an order to show cause directing Plaintiff to either file a response to the motion to dismiss or file a response to the order to show cause showing why his case should not be dismissed. *See **Order to Show Cause** (Doc. 30)*. In response to the order to show cause, Plaintiff filed his ***Motion to Reinstate/Readmit Town of Bernalillo and Statement/Response Showing Cause as to Why Case Should Not be Dismissed [and] Notification of Change of Address*** (*Doc. 32*) which failed to specifically address the statute of limitations issue raised in Defendants' motion to dismiss.

The Court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The

---

[9]*See **Prisoner's Civil Rights Complaint** (Doc. 26).*

[10]*See **Order** (Doc. 29).*

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  In considering a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded factual allegations in the complaint are accepted as true and are viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d at 1384.  In applying these standards, Plaintiff's *pro se* allegations are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

Section 1983 claims are characterized as personal injury actions for purposes of determining the applicable statute of limitations period.  *See Owens v. Okure*, 488 U.S. 235, 236-250 (1989).  State law determines the appropriate statute of limitations and tolling provisions.  *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).  Accordingly, New Mexico's three-year statute of limitations for personal injury actions found in N.M. Stat. Ann. § 37-1-8 (1978) applies to Plaintiff's Section 1983 claims.  *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

All of Plaintiff's claims against Defendants Clark and Anderson involve their alleged conduct on July 23 and 24, 2001.  This was more than three years before Plaintiff filed his original complaint on January 24, 2005.  To fall within the three-year statute of limitations, Plaintiff's complaint should have been filed in July of 2004.  Accordingly, Plaintiff did not file his complaint within the applicable limitations period and his Section 1983 claim is barred by the three-year statute of limitations in N.M. Stat. Ann. § 37-1-8 (1978).  Moreover, there are no allegations in Plaintiff's amended complaint that would support tolling of the limitations period.  Therefore, the Court recommends that Plaintiff's

Section 1983 claims be dismissed as untimely under the applicable three-year statute of limitations.

It is not clear from reading Plaintiff's amended complaint whether he asserts pendent state law claims for the torts of assault and battery.[11]  However, even if the amended complaint is construed liberally to assert these claims, these claims are time-barred by the same three-year statute of limitations for personal injury actions as Plaintiff's Section 1983 claims.  *See Mantz v. Follingstad*, 505 P.2d 68, 72 (N.M. Ct. App. 1972) (trial court properly dismissed claims against physician for assault and battery and negligent medical malpractice as time barred where admitted facts showed that operation was performed more than three years prior to filing of complaint).[12]  Therefore, the Court recommends that any state law claims for assault and battery asserted in Plaintiff's amended complaint be dismissed as untimely under N.M. Stat. Ann. § 37-1-8 (1978).

## *Plaintiff's Motions*

On June 8, 2006, Plaintiff filed his ***Motion to Commence [a Hearing]*** (*Doc. 34*).  This motion asks the Court to conduct a hearing at the Sandoval County Detention Center because Plaintiff is incarcerated there.  On July 18, 2006, Plaintiff filed his ***Motion for Personal and/or Telephone Conference*** (*Doc. 35*).  This motion asks for a telephonic or personal conference with Defendants and/or their counsel at the Sandoval County Detention Center.  Although both motions include a certificate of service, Defendants did not file a response to either motion.  Because the Court

---

[11] The amended complaint uses the terms "assaulted," "assault" and "battery" in describing Plaintiff's claims. ***Prisoner's Civil Rights Complaint*** (*Doc. 26*,) at 4-5, 7, 9 and 11.

[12] *Mantz v. Follingstad* was decided under N.M. Stat. Ann. § 23-1-8 (1953), which was later recompiled as N.M. Stat. Ann. § 37-1-8 (1978).

recommends that all of Plaintiff's claims be dismissed as untimely, making a hearing or conference unnecessary, the Court recommends that these motions be denied.

As noted above, on March 1, 2006, the Court dismissed Plaintiff's claims against the Town of Bernalillo without prejudice and dismissed the Town as a party to this case.[13]  On March 22, 2006, Plaintiff filed a motion asking the Court to reconsider its ruling dismissing the Town and to reinstate the Town as a defendant.[14]  As grounds for this motion, Plaintiff argues that the Town should be reinstated as a defendant because Defendants Clark and Anderson worked for the Town and acted on behalf of the Town and as representatives of the Town.[15]  Although the motion contained a certificate of service, Defendants Clark and Anderson failed to respond to the motion.  Because the Court recommends that Plaintiff's claims against Defendants Clark and Anderson be dismissed as untimely under N.M. Stat. Ann. § 37-1-8 (1978), and because any claims against the Town under Section 1983 and for assault and battery under state tort law based on the same facts and circumstances would be untimely under § 37-1-8, the Court recommends that this motion be denied.[16]

---

[13] *See **Order** (Doc. 29)*.

[14] This motion is contained in Plaintiff's ***Motion to Reinstate/Readmit Town of Bernalillo and Statement/Response Showing Cause as to Why Case <u>Should Not</u> be Dismissed [and] Notification of Change of Address*** (*Doc. 32*).

[15] *Id.* (*Doc. 32*), at 2.

[16] The Court notes that Plaintiff has failed to allege any facts in his amended complaint supporting a Section 1983 claim against the Town of Bernalillo.  Under Section 1983, a municipality cannot be held liable for the actions of its employees on a theory of *respondeat superior*.  *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).  To establish municipal liability for the unconstitutional actions of an employee, a plaintiff must show that (1) the unconstitutional actions of the employee were representative of an official municipal policy or custom, or (2) were carried out by an official with final policy-making authority with respect to the challenged action.  *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001).  Here, Plaintiff's only allegation of a connection between the Town of Bernalillo and the alleged violation of his civil rights is the Town's employment of Defendants Clark and Anderson.  This does not suffice to state a constitutional claim against the Town under Section 1983.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that ***Defendants' Motion to Dismiss Plaintiff's Civil Rights Complaint as Time-Barred*** (*Doc. 28*) be **GRANTED**, that Plaintiff's ***Motion to Commence [a Hearing}*** (*Doc. 34*), ***Motion for Personal and/or Telephone Conference*** (*Doc. 35*) and motion to reinstate the Town of Bernalillo as a defendant contained in Plaintiff's ***Motion to Reinstate/Readmit Town of Bernalillo and Statement/Response Showing Cause as to Why Case <u>Should Not</u> be Dismissed [and] Notification of Change of Address*** (*Doc. 32*) all be **DENIED**, and that all of Plaintiff's claims and this case be **DISMISSED with prejudice**.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**